IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Graciliana Quiroga, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 979 |
| Cascade Capital, LLC, a Delaware limited liability company, and P&B Capital Group, LLC, a New York limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Graciliana Quiroga, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Graciliana Quiroga ("Quiroga"), is a resident of the State of Florida, from whom Defendants attempted to collect a delinquent consumer debt. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt, and was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

4. Defendant, Cascade Capital, LLC ("Cascade"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Cascade operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cascade was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, P&B Capital Group, LLC ("P&B"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. P&B operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant P&B was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Cascade is a bad debt buyer, which buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendants Cascade and P&B are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see,

records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, both Defendants conduct business in Illinois.

8. Moreover, Defendant P&B is also licensed as a debt collection agency in the State of Illinois, <u>see</u>, records from the Illinois Department of Professional Regulation, attached as Exhibit <u>B</u>.

## FACTUAL ALLEGATIONS

9. Ms. Quiroga is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a GE Money Bank account. At some point in time after that debt became delinquent, it was allegedly bought/obtained by a bad debt buyer, CACH. When CACH began trying to collect the GE Money Bank debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Specifically, CACH had The Law Office of Michael K. Sipes demand payment of the GE Money Bank debt from Ms. Quiroga, in a letter dated May 7, 2012. A copy of this letter is attached as Exhibit <u>C</u>.

11. Accordingly, on May 17, 2012, one of Ms. Quiroga's attorneys at LASPD informed CACH that Ms. Quiroga was represented by counsel, and directed CACH to cease contacting her, and to cease all further collection activities because Ms. Quiroga was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

12. The effect of such a notice is that debt collectors must stop contacting the consumer. The debt collector may mark the consumer's credit, or sue the consumer to

collect the debt, but they may no longer call or write to the consumer, <u>see</u>, 15 U.S.C. § 1692c(c).

13.     Defendant Cascade then allegedly bought/obtained the account and, instead of heeding the notice of attorney representation and the cease communications/ collections notice, had Defendant P&B send Ms. Quiroga a collection letter, dated October 31, 2012, which demanded payment of the debt that was originally owed to GE Money Bank.  A copy of this collection letter is attached at Exhibit <u>E</u>.

14.     Accordingly, on January 10, 2013, Ms. Quiroga's LASPD attorney had to also send Defendants Cascade and P&B a letter reiterating that Ms. Quiroga was represented by counsel and that the Defendants had to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached at Exhibit <u>F</u>.

15.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

4

19. Here, the letter from Plaintiff's agent/attorney, LASPD, put Defendants on notice when they took over the account that they had to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants' predecessor in interest that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending a collection letter to Plaintiff, despite her representation by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Graciliana Quiroga, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Quiroga, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Graciliana Quiroga, demands trial by jury.

                    Graciliana Quiroga,

                    By: /s/ David J. Philipps
                    One of Plaintiffs' Attorneys

Dated: February 6, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

6